IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, as Court-appointed Receiver for Zurixx, LLC and related entities,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL GROW, an individual,<br><br>Defendant. | **SCHEDULING ORDER**<br><br>Case No. 2:20-cv-00548-DAK-DAO<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| **1.** | | **PRELIMINARY MATTERS** | **DATE** |
| | | Nature of claims and any affirmative defenses: | |
| | a. | Date the Rule 26(f)(1) conference was held? | *10/06/2020* |
| | b. | Have the parties submitted the Attorney Planning Meeting Report? | *10/09/2020* |
| | c. | Deadline for 26(a)(1) initial disclosures? | *11/05/2020* |
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum number of depositions by Plaintiff(s): | *15* |
| | b. | Maximum number of depositions by Defendant(s): | *15* |
| | c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | *7* |
| | d. | Maximum interrogatories by any party to any party: | *25* |

|   |   |   |   |
|---|---|---|---|
| | e. | Maximum requests for admissions by any party to any party: | <u>25</u> |
| | f. | Maximum requests for production by any party to any party: | <u>25</u> |

g. The parties shall handle discovery of electronically stored information as follows:

The parties will produce all responsive electronic documents in native-format files with intact, unchanged metadata and all responsive hard-copy documents in searchable PDF format. The parties will produce all Excel, Access, database records, audio, and non-processable files in their native formats retaining all metadata. For database records in proprietary systems, the parties shall produce the records in Excel format. For hard-copy documents produced electronically, the parties should identify documents that present imaging or formatting problems so that the parties can meet and confer to attempt to resolve.

h. The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows:

The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: The Court's Standard Protective Order applies to this case pursuant to DUCivR 26-2. Section 10 of the Standard Protective Order shall govern the production of inadvertently produced privileged material.

|   |   |   |   |
|---|---|---|---|
| | i. | Last day to serve written discovery: | <u>03/12/2021</u> |
| | j. | Close of fact discovery: | <u>04/16/2021</u> |
| **3.** | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last day to file Motion to Amend Pleadings: | <u>02/01/2021</u> |
| | b. | Last day to file Motion to Add Parties: | <u>02/01/2021</u> |
| **4.** | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |

**Disclosures (subject and identity of experts)**

|   |   |   |   |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | <u>04/30/2021</u> |
| | b. | Counter disclosures: | <u>06/11/2021</u> |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

**Reports**

    a. Party(ies) bearing burden of proof: <u>*04/30/2021*</u>

    b. Counter reports: <u>*06/11/2021*</u>

**5. OTHER DEADLINES**      **DATE**

    a. Last day for expert discovery: <u>*07/16/2021*</u>

    b. Deadline for filing dispositive or potentially dispositive motions: <u>*08/20/2021*</u>

    c. Deadline for filing partial or complete motions to exclude expert testimony: <u>*08/20/2021*</u>

**6. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**      **DATE**

    a. Likely to request referral to a magistrate judge for settlement conference: <u>*Yes/**No***</u>

    b. Likely to request referral to court-annexed arbitration: <u>*Yes/**No***</u>

    c. Likely to request referral to court-annexed mediation: <u>*Yes/**No***</u>

    d. The parties will complete private mediation/arbitration by: <u>*00/00/00*</u>

    e. Evaluate case for settlement/ADR on: <u>*00/00/00*</u>

    f. Settlement probability: <u>*Fair*</u>

**7. TRIAL AND PREPARATION FOR TRIAL**      **TIME**      **DATE**

    a. Rule 26(a)(3) pretrial disclosures[1]

        Plaintiff(s): <u>*12/24/2021*</u>

        Defendant(s): <u>*01/07/2022*</u>

    b. Objections to Rule 26(a)(3) disclosures (if different than 14 days provided in Rule) <u>*00/00/00*</u>

---

[1] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

|   |   |   |   |   |
|---|---|---|---|---|
| c. | Special Attorney Conference[2] on or before: | | | <u>01/21/2022</u> |
| d. | Settlement Conference[3] on or before: | | | <u>01/21/2022</u> |
| e. | Final Pretrial Conference: | | | Not set at this time |
| f. | Trial | <u>Length</u> | | |
|   | i. Bench Trial | <u>3 days</u> | 8:30 a.m. | <u>02/28/2022</u> |

**8.    OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 13th day of October, 2020.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[2] The Special Attorneys Conference does not involve the court. During this conference, unless otherwise ordered by the court, counsel will agree, to the extent possible, on voir dire questions, jury instructions, and a pretrial order. They will discuss the presentation of the case, and they should schedule witnesses to avoid gaps and disruptions. The parties should mark exhibits in a way that does not result in duplication of documents.  The pretrial order should include any special equipment or courtroom arrangement requirements.

[3] The Settlement Conference does not involve the court unless the court enters a separate order. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.